# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:12 cr 93-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DARREN HILL. ) | |
| ) | |

**THIS CAUSE** has come before the undersigned, pursuant to a letter (#100) sent by Defendant to the undersigned which the Court has considered as a motion to substitute counsel for Defendant's present attorney, David Belser. At the call of this matter on for hearing, it appeared that Defendant was present with his attorney, David Belser, and the Government was present and represented by Assistant United States Attorney John Pritchard. From the statements of Defendant, counsel for Defendant, the arguments of counsel for the Government, and the records in this cause, the Court makes the following findings:

**Findings.** At the call of this matter on for hearing the undersigned presented the issue of whether or not that during the hearing of the matter there could be a potential that confidential communications between the Defendant and his counsel could be disclosed. Mr. Pritchard and Mr. Belser agreed that there was a potential for such disclosure. As a result, the undersigned, during the portion of

1

the hearing in which the undersigned made an inquiry of Defendant, the undersigned conducted a sealed hearing and excluded not only the United States Attorney, but also excluded all persons, other than court personnel, from the courtroom.

Upon inquiry the undersigned discovered that this matter was set for trial for the June 23, 2014 term of the district court which is twenty business days and approximately six weeks from the date of the hearing of the motion. The undersigned is of the opinion that this period of time would give little time for new counsel to be appointed who could become prepared to represent Defendant at trial.

The undersigned conducted an inquiry as to the reasons why the Defendant did not wish for Mr. Belser to represent him in this matter. In conducting this inquiry, the undersigned noted that the Defendant, in his letter, had complained that Mr. Belser would not talk to various relatives of the Defendant regarding Defendant's case. The undersigned read to the Defendant Rule 1.6(a) of the North Carolina Rules of Professional Conduct and explained to Defendant that Mr. Belser was barred by that Rule from discussing Defendant's case with any other person and, to do so, even with the consent of Defendant, could possibly harm the defense in this matter.

The undersigned further attempted to conduct an inquiry with the Defendant as to any other reasons why Defendant did not wish for Mr. Belser to represent him in the matter. The Defendant declined to answer the Court's questions, although the Court, on at least two occasions, specifically requested that Defendant explain why he wanted new attorney appointed.

The undersigned questioned Mr. Belser regarding whether or not there is such a conflict between Mr. Belser and the Defendant that is so great that it is resulting in a total lack of communication preventing an adequate defense. Mr. Belser stated that such did not exist and his relationship with Defendant had been very congenial.

The undersigned is very familiar with the Defendant's case. The undersigned has conducted a hearing of a motion to suppress and prepared a lengthy Memorandum and Recommendation concerning Defendant's Motion to Suppress which was presented by Mr. Belser. The undersigned has also granted a motion filed by Mr. Belser for the appointment of an expert witness who did testify at the suppression hearing.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986) The determination of whether

or not a motion for substitution of counsel should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the letter herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why Defendant does not wish for Mr. Belser to represent him further; and (3) whether or not there is such a conflict between Defendant and Mr. Belser that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

At the time of the hearing of the motion, there is approximately six weeks that remain in time within which to prepare for the trial of the charges against Defendant. The trial is scheduled for June 23, 2014. It is the opinion of the undersigned that there is not sufficient time within which to appoint another attorney and for that attorney to be prepared for the trial of this matter by June 23, 2014. In the letter to the Court, Defendant complains about the period of incarceration that he has undergone awaiting trial. To grant Defendant's motion would lengthen the period of time of pretrial confinement of the Defendant. This factor must be weighed against granting the motion.

The undersigned has made an inquiry as to the reasons why the Defendant

does not wish for Mr. Belser to represent him further. Although invited by the Court on two occasions, the Defendant declined to make any statement about why he did not wish for Mr. Belser to represent him further. From the undersigned's experience in the case, it is the opinion of the undersigned that Mr. Belser has been performing his job in representing the Defendant and has been doing so very vigorously. The complaint of Defendant that Mr. Belser does not discuss Defendant's case with third parties lacks any merit. Mr. Belser is required to keep all information regarding Defendant's case confidential. The undersigned finds there has not been stated any meritorious reason as to why Defendant does not wish for Mr. Belser to represent him in this matter. This factor must be weighed against allowing the motion. It is the opinion of the undersigned that Mr. Belser has diligently representing the defendant and there has been shown on good reason to appoint substitute counsel.

The undersigned has further attempted to determine whether or not there is such a conflict between Mr. Belser and Defendant that is so great that there is a total lack of communication between them preventing an adequate defense. It does not appear to the undersigned that such a conflict exists between the Defendant and Mr. Belser. This factor must be weighed in favor of denying the motion.

After considering all of the factors, it appears there is little time before trial

in which to appoint other counsel who has the knowledge of the matter that Mr. Belser possesses. As a result of the inquiry made by the undersigned, this Court cannot find good reason for the appointment of another attorney and there does not appear to be a lack of communication between Defendant and Mr. Belser that would prevent an adequate defense in this case. Based upon the foregoing, the undersigned has determined to enter an Order denying Defendant's request for substitution of new counsel.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the letter (#100) of Defendant which has been considered as a motion for substitution of counsel is hereby **DENIED.**

Signed: May 15, 2014

Dennis L. Howell
United States Magistrate Judge